O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER DEMETRIUS FRANK | ) | Case No. [CV 09-05202 DDP] |
| | ) | CR 01-00907 RMT ✓ |
| Petitioner, | ) | |
| | ) | **ORDER DENYING PETITIONER'S MOTION** |
| v. | ) | **FOR RECONSIDERATION** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | [LINK TO DOCKET NUMBERS |
| Respondent. | ) |  376, 378, 380, 385] |
| | ) | |
| _____ | ) | |

　　　Presently before the court is Petitioner Christopher Demetrius Frank's Motion for Reconsideration of this court's Order Denying Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. No. 32.) Petitioner contends that this court's order did not address his argument that trial counsel did not possess adequate information upon which to base a trial strategy, and was therefore ineffective.

　　　To summarize the relevant facts of this case, as described in detail in this court's earlier Order, Petitioner was convicted of attempted carjacking and using or carrying a firearm in relation to a crime of violence after he jumped into the back of a pickup truck

that was stopped at a red light, brandished a loaded gun, and ordered the driver to drive.  Petitioner testified at trial that his actions were motivated by his belief that he was being pursued.

Prior to trial, Petitioner's counsel sought records and expert opinions regarding Petitioner's mental health, which counsel ultimately presented to the court at sentencing.  At the guilt phase of trial, however, Petitioner's counsel elected to present a defense based on duress rather than mental illness.

As explained in the court's Order, a petitioner alleging ineffective assistance of counsel must show (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's substandard performance was prejudicial to the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Deferring to counsel's decision to pursue a duress defense, the court held that Plaintiff's claim fails under both prongs.

In his motion for reconsideration, Plaintiff argues that the court failed to address his contention that counsel failed to adequately consult with mental health experts before choosing to abandon the mental health defense, and that counsel therefore could not have made an informed decision to abandon the mental health defense in favor of the duress defense.  (Recon. Mot. at 2.)

Petitioner is correct that defense counsel "must, at a minimum, conduct a reasonable investigation enabling him to make informed decisions about how best to represent his client." <u>Rios v. Rocha</u>, 299 F.3d 796, 806 (9th Cir. 2002) (internal quotation, citation, and emphasis omitted).  While counsel here obviously pursued mental health evidence, which she later presented at

2

1 sentencing, it is unclear on the present record whether counsel was
2 aware of the experts' diagnoses at the time of trial.
3     Even if counsel did not have a reasonable basis for electing
4 to pursue the duress defense, however, Plaintiff cannot show that
5 he was prejudiced. As explained earlier, expert witnesses could
6 not have testified as to Petitioner's state of mind at the time of
7 the offense. Fed. R. Evid. 704(b); United States v. Morales, 108
8 F.3d 1031, 1035-36 (9th Cir. 1997) (en banc). While Judge Takasugi
9 may theoretically have inferred from other, permissible testimony
10 that Petitioner lacked the requisite mental state, Id. at 1037,
11 Petitioner has not shown a reasonable probability of such an
12 outcome. To the contrary, it is clear that the court would not
13 have been swayed by mental health evidence. Judge Takasugi
14 ultimately heard all of the mental health evidence at the
15 sentencing phase, yet declined to grant Petitioner a downward
16 departure from the sentencing guidelines. It is highly improbable
17 that the court's determination at the guilt phase would have been
18 affected by a more restricted set of mental health evidence than
19 that which ultimately failed to persuade the court at sentencing.
20     For these reasons, Petitioner's motion for reconsideration is
21 DENIED.
22
23
24 IT IS SO ORDERED.
25
26 Dated: November 16, 2012
27                                          DEAN D. PREGERSON
                                            United States District Judge
28

3